**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRANDESIGN ADVERTISING FIRM, INC., <br><br> Plaintiff, <br> v. <br><br> TALON US (GRANDESIGN) LLC and TALON OUTDOOR, LTD., <br><br> Defendants. | Case No.  3:20-cv-00719-LAB-DEB <br><br> **ORDER DENYING MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) [Dkt. 17]** |
| TALON US (GRANDESIGN) LLC, <br><br> Counterclaimant and Third-Party Plaintiff, <br> v. <br><br> GRANDESIGN ADVERTISING FIRM, INC., and AARON GAEIR, <br><br> Counterclaim Defendant and Third-Party Defendant. | |

This case arises from an asset purchase under which Plaintiff Grandesign Advertising Firm, Inc. ("Grandesign") sold part of its advertising business to Defendant Talon US (Grandesign) LLC ("Talon"). The

"Grandesign" tradename wasn't part of the transaction—the parties' contract prohibited Talon from using it in connection with the marketing or sale of Talon's products. Nevertheless, five consumers allegedly alerted Grandesign after the sale that Talon was using the tradename. Grandesign, relying primarily on this allegation, filed claims for breach of the parties' contract and for violation of the Lanham Act.[1]

Talon moves to dismiss those two claims under Fed. R. Civ. P. 12(b)(6). (Dkt. 17.) It contends generally that the Complaint don't state how, when, and in which communications Talon allegedly used the tradename, so its claims aren't plausible. But plausibility isn't such an inflexible standard. It leaves room for reasonable inferences—if something allegedly looks like a duck and quacks like a duck, it's plausibly alleged to be a duck.

Grandesign can allege Talon's conduct by its color and call, too, and the allegation of consumer complaints and confusion fits the bill. Accepting those allegations as true for the purposes of the Motion to Dismiss, the Court reasonably can infer facts that would establish breach of the APA and violation of the Lanham Act. The Motion is **DENIED**.

## FACTUAL BACKGROUND

Grandesign is incorporated in Florida and principally conducts business from its office in San Diego, California.[2] By an Asset Purchase Agreement dated March 5, 2019, it sold part of its advertising business to Talon. The APA prohibited Talon from "us[ing] the 'Grandesign' tradename in the marketing or sale of [Talon]'s products or services without [Grandesign's] prior written consent," while Grandesign retained and continued to operate an experiential advertising business.

---

[1] Grandesign's other claims against Talon aren't subject to the present motion.
[2] This summary of the relevant facts is drawn from Grandesign's Complaint and attached exhibits, which the Court assumes to be true on a motion to dismiss.

1 | After the transaction closed, five consumers in the advertising industry told Grandesign that Talon was using the "Grandesign" tradename, and that Talon's use was confusing them. To avoid further confusion, Grandesign rebranded itself as "GDX," incurring costs in the process.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss is a preliminary evaluation of a party's pleading, intended to test only whether the pleading provides "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal marks and citation omitted). The required short and plain statement "does not need detailed factual allegations," only "factual allegations . . . enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (internal marks and citations omitted). The Court must make all reasonable inferences that can be made in the plaintiff's favor. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013). Reasonable inferences are those with "plausible grounds"—the complaint's factual allegations must "raise a reasonable expectation that discovery will reveal evidence" supporting that inference. *Twombly*, 550 U.S. at 556.

On the other hand, if the necessary facts are simply possible on the facts alleged, rather than plausible, the complaint fails to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully"). Competing inferences consistent with the alleged facts can undermine a claim's plausibility. But a movant has to offer more than just another version of events to carry its burden on a motion to dismiss. The proposed alternative must be "so convincing that plaintiff's explanation is *im*plausible." *Starr v. Baca*, 652

1  F.3d 1202, 1216 (9th Cir. 2011) (emphasis in original); *see also Iqbal*, 556 U.S.
2  at 681 (allegations don't support inference of unlawful behavior "given more
3  likely explanations" of facts alleged); *cf. In re Century Aluminum Co. Securities*
4  *Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (upholding dismissal where
5  inferential steps to claim were "merely *possible* rather than plausible").
6  Allegations that "tend to exclude the possibility" of a explanation are enough
7  to avoid dismissal, even if those allegations can't foreclose such explanations
8  conclusively. *Id.* Ultimately, a court must "draw on its judicial experience and
9  common sense" to evaluate whether the inference supporting a claim is
10 plausible despite the availability of other inferences. *Iqbal*, 556 U.S. at 679;
11 *see also Starr*, 652 F.3d at 1216.

### I. Count III: Breach of Contract – Improper Use of Tradename

Talon's use of the tradename in a manner that breached the parties' contract is a plausible inference from Grandesign's factual allegations. The parties agreed to apply Delaware law to the APA, and so a claim for breach of that agreement requires: "1) a contractual obligation; 2) a breach of that obligation by the defendant; and 3) a resulting damage to the plaintiff." (Dkt. 1-2 § 9.10); *Connelly v. State Farm Mut. Automobile Ins. Co.*, 153 A.3d 1271, 1279 n.28 (Del. 2016).[3] Count III of the Complaint is premised upon Talon's alleged breach of its obligation to refrain from "us[ing] the 'Grandesign' tradename in the marketing or sale of [Talon's] products or services without the prior written consent of [Grandesign]." (Dkt. 1-2 p. 37, § 7.12.)

Talon challenges only the breach element, arguing that allegations that

---

[3] Although application of a contractual choice of law provision isn't automatic, Talon's burden of demonstrating that Delaware bears a substantial relationship to the parties is satisfied by the fact of Talon's incorporation there. Grandesign doesn't contend that application of Delaware law would conflict with a fundamental policy of California. *See Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459 (1992) (in bank).

it "used," "continues to use," and "has consistently used" the tradename "in the advertising community as part of its business" are "entirely conclusory." (Dkt. 17 at 11; Dkt. 1 ¶¶ 18, 50-51.) On their own, they might be. But each allegation isn't required to stand alone, and these aren't the only relevant ones in the Complaint.

Grandesign alleges, too, that five businesses that it describes as "consumer[s]" "have communicated confusion to Grandesign over [Talon's] use of [the] tradename, including even suggesting to Grandesign it should 'change its name.'" (Dkt. 1 ¶ 51.) These factual allegations, Talon contends, must be discounted because they don't indicate "[w]hat use of the tradename [the Complaint] is referring to," "[w]hen [it] was . . . used," and "[h]ow [it] was . . . used." (Dkt. 35 at 6.)

But the pleading standard applicable here "do[es] not require heightened fact pleading of specifics," nor does it even call for "detailed factual allegations." *Twombly*, 550 U.S. at 555, 570; *cf. Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (requiring "who, what, when, where, and how" under Rule 9(b) standard applicable to claims involving fraud or mistake). The plaintiff must "state[] the circumstances, occurrences, and events in support of the claim presented," *Twombly*, 550 U.S. at 555 n.3 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, pp. 94-95), but indirect, inferential factual support will do. *See id.* at 556 n.4. In *Twombly*, an antitrust case, the plaintiffs didn't need to support their claim of an anticompetitive agreement with allegations of when the defendants met, where they met, or the words they used to reach agreement. As the Supreme Court explained, factual allegations of the defendants' parallel conduct would suffice, so long as those facts were more likely to result from an agreement than from competing explanations, such as "chance, coincidence, independent responses to common stimuli, or mere interdependence." *Id.* (quoting

6 P. Areeda & H. Hovenkamp, Antitrust Law ¶ 1426, pp. 167-85 (2d ed. 2003)).

Grandesign meets this standard. It alleges that five businesses, consumers relative to Grandesign, complained that Talon was using the tradename after Talon acquired part of Grandesign's business under the APA. It then asks the Court to infer from that allegation that: (1) after the acquisition, the complaining businesses were consumers relative to Talon; (2) Talon was using the tradename; (3) it did so in communications with those businesses; and (4) Talon's communications with consumers were made in the marketing or sale of its products and services. None of these inferences can be deduced with certainty from Grandesign's allegation of complaints. But each flows from it plausibly, as a likely explanation for the complaints. That's enough to permit the Court to draw those inferences in support of Grandesign's claims on a motion to dismiss.

Talon points to one particular possibility that, it contends, is consistent with the factual allegations but not with the conclusion that Talon breached the APA. The Complaint alleges that Grandesign and Talon simultaneously employed Aaron Gaeir as an officer for a period of at least seven weeks. (*See* Dkt. 1 ¶¶ 29-33; Dkt. 1-2 at 45; Dkt. 1-3.) Gaeir may have caused the confusion by using the name during this period, and if so, Talon argues, "someone other than [Talon]" was at fault. (Dkt. 17 at 17 (emphasis removed).)

But without a further assumption, Talon's conclusion doesn't follow from its premise. Gaeir was a Talon officer; if he used the tradename in that capacity, that conduct could be imputed to Talon. *See In re Dole Food Co., Inc. Stockholder Litig.*, 110 A.3d 1257, 1261 (Del. Ch. 2015) ("[A] corporation can only act through human agents"). Adding the missing premise—namely, that each time Gaeir used the tradename during that period, he did so on Grandesign's behalf—makes Talon's scenario complete, but it also makes it unlikely on Grandesign's allegations. It fits those allegations only if each of the

five consumers was mistaken in believing that the communications came from Talon. In that case, none of the consumers confirmed the source of the communications before complaining and, in the case of one business, before suggesting that Grandesign change its name entirely. It's a possible explanation for the Complaint's allegations, but common sense and judicial experience counsel that it's not a particularly likely one. Because it isn't "so convincing that [Grandesign's] explanation is *im*plausible," it won't support dismissal. *Starr*, 652 F.3d at 1216 (emphasis in original); *see also In re Century Aluminum Co. Securities Litig.*, 729 F.3d 1004, 1108 (9th Cir. 2013) (factual allegations that "tend[] to exclude" a competing explanation prevent that explanation from making a claim implausible).

"[F]air notice of what the [plaintiff's] claim is and the ground upon which it rests . . . does not [require] detailed factual allegations." *Twombly*, 550 U.S. at 555. Allegations establishing plausible grounds to infer the necessary elements of the claim are enough. *Id.* at 556. Grandesign's allegations, accepted as true for purposes of a motion to dismiss, establish a plausible inference that Talon used the "Grandesign" tradename in breach of the parties' contract. The Motion is denied as to Count III of the Complaint.

## II.     Count IV: Violation of the Lanham Act

Grandesign also asserts a claim for false designation under the Lanham Act, 15 U.S.C. § 1125. (Dkt. 1 ¶ 54.)[4] To avoid dismissal, it must plead that:

    (1) Talon used Grandesign's tradename;

    (2) The use was in interstate commerce;

    (3) The use was in connection with goods or services;

    (4) The use was likely to cause confusion, mistake, or deception

---

[4] Grandesign acknowledges in its briefing that the Complaint's citation to Section 1125(a)(1) notwithstanding, it intends to state a claim under subsection (a)(1)(A) only, so the Court does not consider whether the Complaint states a claim under subsection (a)(1)(B). (Dkt. 30 at 5-6.)

as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and

(5) Grandesign has been or is likely to be damaged by these acts.

See 15 U.S.C. § 1125(a)(1); *Obesity Research Institute, LLC v. Fiber Research Inter., LLC*, 165 F. Supp. 3d 937, 949 (S.D. Cal. 2016).

Talon's use of the tradename in connection with its goods or services is supported by plausible inferences from Grandesign's factual allegations, as the Court concluded in connection with the contract claim, so the first and third elements of the Lanham Act claim are satisfied. The Complaint alleges enough facts to support the interstate commerce, likelihood of confusion, and harm elements, too.

The interstate commerce element requires allegations that the defendant either placed the mark in interstate commerce or used it in a way that affects interstate commerce. *See Maier Brewing Co. v. Fleishmann Distilling Corp.*, 390 F.2d 117, 120 (9th Cir. 1968). The Complaint has both. Talon, based in New York, allegedly placed the tradename in interstate commerce through its communications with Louisiana-based Lamar Advertising. (Dkt. 1 ¶¶ 2, 51.)[5] That use also affected interstate commerce—as a result of it, Grandesign allegedly abandoned the tradename, which at least one out-of-state customer, Lamar, was sufficiently familiar with to be confused when someone other than Grandesign used it. (*See id.* ¶ 52.)

Talon's objection to causation fails, too. It contends that Grandesign can't allege the causation necessary for the marketplace confusion and

---

[5] The Court takes judicial notice, at Grandesign's request and without apparent opposition, that the Louisiana Secretary of State's records show that Lamar Advertising is a tradename of The Lamar Company, L.L.C., a Louisiana limited liability company with a Baton Rouge, Louisiana address.

damages elements because the Complaint doesn't sufficiently allege Talon's use. But as the Court determined above, the Complaint *does* sufficiently allege use. And the relevant allegations support a reasonable inference of causation: Confused customers told Grandesign that their confusion resulted from Talon's use of a tradename belonging to Grandesign, so Grandesign incurred the costs of rebranding to avoid further confusion. (Dkt. 1 ¶¶ 51-52.)

Talon offers one additional challenge to the marketplace confusion element, arguing that the allegation that its use "has caused confusion in the marketplace" is a "threadbare recital" of a legal conclusion. (Dkt. 17 at 13, quoting Dkt. 1 ¶ 51.) But even the densest fabric looks threadbare under a microscope. Employing a wider lens to consider the whole Complaint—or even the entirety of the quoted paragraph—reveals the factual fibers interwoven with this conclusory thread. Grandesign fills in its recitation of "confusion in the marketplace" by identifying specific consumers and alleging that they expressed confusion arising from Talon's use of the tradename. (Dkt. 1 ¶ 51.)

Each element of Grandesign's Lanham Act claim finds support in the Complaint's factual allegations and the reasonable inferences from them. The Motion is denied as to Count IV of the Complaint.

## CONCLUSION

A pleading must allege only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard doesn't ask for much: the pleaded facts don't need to be numerous or detailed, only enough to allow the Court, when accepting them as true, "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Complaint alleges only a small handful of facts in support of its tradename claims, but they are enough because they establish the plausibility

of the inference that Talon used Grandesign's tradename in a manner that violated the APA and the Lanham Act. Talon's Motion to Dismiss Counts III and IV of the Complaint is **DENIED**.

      **IT IS SO ORDERED.**

Dated: March 1, 2021

*[signature]*
**Hon. Larry A. Burns**
United States District Judge